# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALFONSO GARCIA FLORES, | : | |
| INMATE NO. 58728-019, | : | CRIMINAL INDICTMENT NO. |
|     Movant, | : | 1:06-CR-0496-1-RWS |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0045-RWS |
| UNITED STATES OF | : | |
| AMERICA, | : | |
|     Respondent. | : | |

## ORDER AND OPINION

Movant seeks via 28 U.S.C. § 2255 to (1) challenge the constitutionality of the two concurrent 120-month sentences he received for his July 2, 2008, convictions in this Court of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, and (2) the Bureau of Prisons' failure to allow him to participate in their drug abuse program. The matter is before the Court on: the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 225]; the Government's response [Doc. 230]; Movant's traverse [231]; and Movant's request for admittance of additional supportive evidence in support of traverse [Doc. 232].

I.  Background

On December 5, 2006, a grand jury sitting in the Northern District of Georgia, returned an indictment charging Movant and four others of conspiracy to possess with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine (count one) and possession with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine (count two). (Doc. 2 at 1-2.) On January 17, 2008, Movant pled guilty to both counts. (Doc. 169.) On July 1, 2008, Movant received two concurrent, mandatory minimum sentences of 120 months imprisonment to be followed by five years of supervised release. See 21 U.S.C. § 841(b). (Doc. 199.) On July 2, 2008, the Judgment and Commitment Order was entered. (Doc. 200.) Movant did not appeal his convictions or sentences.

On January 7, 2009, Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence was received by this Court. (Doc. 225.) Movant raises the following two grounds for relief: (1) this Court, and the United States Probation Office erred in enhancing Movant's sentence on the basis that he had a Category II Criminal History, and prior to sentencing, defense counsel "failed to properly litigate and represent" him; and (2) the Bureau of Prisons ("BOP") is

2

discriminating against Movant and other removable aliens convicted of drug related crimes by refusing to allow them to participate in the BOP's drug treatment program or to reside in a half-way house. (Doc. 225, Attachments A, B.)

On March 9, 2009, the Government filed its response. (Doc. 230.) The Government argues that ground one is procedurally defaulted and, in the alternative, without merit. (Id. at 3-9.) Ground two, according to the Government, should have been raised in a 28 U.S.C. § 2241 habeas corpus petition in the district where the federal prisoner is incarcerated, and, therefore, this Court is without jurisdiction to consider the merits of the claim. (Id. at 9-11.) Should this Court find that it does have jurisdiction, Movant's second ground for relief is also without merit. (Id. at 11-14.)

On March 25, 2009, Movant filed a traverse to the Government's response. (Doc. 231.) Movant alleges that his counsel was ineffective for failing to seek a lower sentence as a result of the harsh pre-trial conditions Movant endured and the BOP's discriminatory treatment of removable aliens. (Id. at 2-3.)

On May 22, 2009, Movant filed a request for admittance of additional supportive evidence. (Doc. 232.) In this pleading, Movant contends that counsel rendered ineffective assistance by (1) failing to attempt to have the indictment suppressed on the ground that the two counts in the indictment represent the same

3

crime, (2) failing to appeal Movant's sentences, and (3) failing to provide professional assistance which resulted in Movant being forced to plead guilty. (Id. at 3-4.) This Court liberally construes Movant's request as a motion to amend, pursuant to Fed. R. Civ. P. 15(a).

II. Analysis

A. Ground One

In ground one, Movant alleges this Court improperly used two misdemeanor DUI convictions, unrelated to Movant's federal crimes, to find he has a Category II Criminal History and improperly sentenced him on that basis. Movant also alleges, implicitly, that counsel's performance was ineffective for failing to raise this issue during sentencing.

The Government contends that the first part of ground one is procedurally defaulted because it was not raised on appeal. However, as the Government admits, a claim of ineffective assistance of counsel is properly raised for the first time in a § 2255 motion to vacate sentence. See United States v. Perez-Tosta, 36 F.3d 1552, 1563 (11th Cir. 1994). In order to address this claim of ineffective assistance, this Court will review the merits of ground one.

4

The federal standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Id. at 697. One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. The second prong of Strickland, requires Movant to demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

As required by 21 U.S.C. § 841(b), Movant received the mandatory minimum sentences. Movant's sentences were not enhanced by his prior DUI convictions or any other aspect of his criminal history. Consequently, counsel was not ineffective for failing to raise a nonexistent issue, and ground one is without merit.

B. Ground Two

In ground two, Movant claims that the BOP has been discriminating against him and other removable aliens by not allowing them to participate in the BOP's

5

drug treatment program or to reside in a half-way house. In his traverse, Movant argues that counsel was ineffective by failing to raise these issues in order to secure Movant a lower sentence.

Title 28 U.S.C. § 2241 is the proper remedy for federal prisoners challenging the execution of their sentences. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); William v. Pearson, 197 Fed. App'x. 872, 876 (11th Cir. 2006) (unpublished opinion). Thus, a challenge to a BOP regulation or policy should be brought pursuant to § 2241. See Lopez v. Davis, 531 U.S. 230, 232-34 (2001); United States v. Warmus, 151 Fed. App'x. 783, 786 (11th Cir. 2005) (unpublished opinion). Ground two should be brought under § 2241.

A § 2241 habeas corpus petition should be brought in the district in which the prisoner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004). Movant is confined at the McRae Correctional Institution in McRae, Georgia. That prison is located in the United States District Court for the Southern District of Georgia. Therefore, ground two should be raised in that district court.

Movant attempts to avoid this filing requirement by claiming in his traverse that counsel was ineffective for failing to argue during sentencing that Movant should receive a lower sentence because the BOP does not permit removable aliens to participate in the drug program or to reside in half-way houses. Again, this

6

Court was required by statute to sentence Movant to a term of imprisonment of at least 120 months. Counsel's failure to raise a meritless claim is neither unreasonable nor prejudicial. See Thompson v. Nagle, 118 F.3d 1442, 1450 (11th Cir. 1997).

### C. Remaining Claims of Ineffective Assistance of Counsel

In his traverse, Movant alleges that counsel was ineffective for failing to seek a lower sentence as a result of the harsh pre-trial conditions Movant endured. Because Movant received the mandatory minimum sentences, counsel was not ineffective for failing to raise this issue during sentencing.

In his request for admittance of additional supportive evidence, construed as a motion to amend, Movant alleges that counsel rendered ineffective assistance by (1) failing to attempt to have the indictment suppressed on the ground that the two counts in the indictment represent the same crime, (2) failing to appeal Movant's sentences, and (3) failing to provide professional assistance which resulted in Movant being forced to plead guilty.

Although a guilty plea waives most challenges to the constitutionality of a conviction, a claim that one was convicted in violation of the Double Jeopardy Clause may still be raised. See United States v. Kaiser, 893 F.2d 1300, 1302-03 (11th Cir. 1990). Therefore, Movant's claim that counsel was ineffective for not

7

seeking to suppress the indictment on the basis that the two counts in the indictment represent the same crime will be reviewed.

Movant was convicted of (1) conspiracy to possess with intent to distribute cocaine and (2) possession of cocaine with intent to distribute. As the Supreme Court explained: "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established." Pinkerton v. United States, 328 U.S. 640, 643 (1946). Congress has deemed conspiracy to possess with intent to distribute controlled substances and possession with intent to distribute controlled substances to be two separate crimes. See 21 U.S.C. § 846; 21 U.S.C. § 841 (a)-(b). Therefore, counsel would have engaged in a futile act by attempting to suppress the indictment for the reason given by Movant.

Movant alleges that he was dissatisfied with his sentences and requested counsel to appeal them. (Doc. 232 at 3.) Movant contends, therefore, that counsel's failure to appeal the sentences amounts to ineffective assistance of counsel. Assuming the truth of Movant's undeveloped claim, "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a

8

professionally unreasonable manner per se." Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (internal quotation omitted).

In order "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). Giving Movant the benefit of the doubt, this Court will assume that counsel did not consult with him and, instead, merely ignored Movant's request to appeal his sentences. Because Movant received the mandatory minimum sentences, his various claims of ineffective assistance of counsel during sentencing are without merit. There being no "nonfrivolous grounds" raised to challenge Movant's statutorily mandated sentences, he has failed to show how, as a "rational defendant," there was a reasonable probability he would have pursued an appeal of his sentences after consulting with counsel. Id. at 480. Consequently, Movant has not set forth a claim of ineffective assistance of counsel on the ground that counsel failed to pursue an appeal.

In his final claim of ineffective assistance of counsel, Movant maintains that he was forced to plead guilty due to counsel failing to provide professional assistance. Movant has not proffered a single example of counsel being derelict

9

in his performance prior to the guilty plea hearing. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (internal quotation omitted). Movant's final claim of ineffective assistance of counsel is meritless.

III. Conclusion

**IT IS ORDERED** that Movant's request for admittance of additional supportive evidence [Doc. 232], construed as a motion to amend, is **GRANTED**. This amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Docs. 225 and 232] is **DENIED**.

**IT IS SO ORDERED**, this  4th  day of September, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)