**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALFONSO GARCIA FLORES, | : | |
| INMATE NO. 58728-019, | : | CRIMINAL INDICTMENT NO. |
|     Movant, | : | 1:06-CR-0496-1-RWS |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0045-RWS |
| UNITED STATES OF | : | |
| AMERICA, | : | |
|     Respondent. | : | |

## ORDER AND OPINION

On September 8, 2009, this Court denied Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [233]. Movant has now filed a motion for reconsideration [235].

A motion for reconsideration "should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice." Adler v. Wallace Computer Services, Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001); Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). "Moreover, a reconsideration motion may not be used to

offer new legal theories or evidence . . ., unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler, 202 F.R.D. at 675.

On January 17, 2008, Movant pled guilty to conspiracy to possess with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine (count one) and possession with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine (count two). (Doc. 2 at 1-2; Doc. 169.) Movant received two concurrent, mandatory minimum sentences of 120 months imprisonment to be followed by five years of supervised release. See 28 U.S.C. § 841(b).

In denying Movant's amended motion to vacate, set aside, or correct sentence, this Court concluded, *inter alia*, that counsel did not render ineffective assistance, because Movant had received the statutorily mandated minimum sentences. (Doc. 233 at 4-10.) Thus, there was no legal argument or factual scenario that counsel could have raised during sentencing or on appeal that would have resulted in Movant receiving shorter, concurrent sentences. (Id.)

In this motion, Movant restates his claims that (1) counsel should have sought a "downward variance of sentence based on the hardship of [] confinement in detention custody," (2) counsel had a "duty to appeal" after Movant requested

2

him to do so, and (3) counsel should have objected to Movant's "classification of sentence in category II" which was based upon two "prior DUI misdemeanor charges." (Doc. 235 at 2-3.) Movant does not address the fact that he received the lowest possible sentences.

Again, because Movant cannot receive shorter, concurrent sentences, he cannot demonstrate how any deficiency in counsel's performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-691 (1984). This motion for reconsideration should be denied.

**IT IS ORDERED** that Movant's motion for reconsideration [235] is **DENIED**.

**IT IS SO ORDERED**, this  8th  day of December, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)